UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SCOTT WOODS and<br>SHIHYUN WOODS<br><br>    Plaintiffs<br><br>v.<br><br>TESLA<br><br>    Defendant. | C. A. No.: 1:20-cv-10162 LTS<br><br><br>ORAL ARGUMENT NOT REQUESTED |

**PLAINTIFF SCOTT WOODS and SHIHYUN WOODS OPPOSITION
TO DEFENDANT TESLA'S MOTION TO DISMISS
COUNT I OF THE COMPLAINT**

NOW COMES Plaintiffs, Scott Woods and Shihyun Woods, by and through their attorneys, Kimmel and Silverman, P.C., hereby oppose the Motion to Dismiss Count I of the Complaint filed by Defendant, Tesla, for the reasons set forth in the accompanying memorandum of law. Plaintiffs respectfully request the Motion to Dismiss be denied.

Plaintiffs answer to Defendant's Motion to Dismiss as follows:

1.   Admitted.

2.   Denied, in that the Complaint speaks for itself (*See* Ex. A, Complaint).

3.   Denied, in that the Complaint speaks for itself (*See* Ex. A, Complaint).

4.   Denied, in that the Complaint speaks for itself (*See* Ex. A, Complaint).

5.   Denied, in that the Complaint speaks for itself (*See* Ex. A, Complaint).

6.   Denied, in that the Complaint speaks for itself (*See* Ex. A, Complaint).

7.   Denied. By way of further answer, it is alleged that three or more repair attempts occurred within the term of protection, and discovery is required to discern exactly when the term of protection terminated. On the August

17, 2018 and September 8, 2018 repair attempts Plaintiffs complained of the same issues regarding the functionality of the vehicle doors and defects and misalignment with trim pieces.

8. Denied. By way of further answer, it is alleged that the vehicle was out of service for fifteen business days or more during the term of protection, and discovery is required to obtain all repair records. By way of further answer the vehicle was out of service for at least ten (10) days during the August 17, 2018 to August 22, 2018, September 8, 2018, and October 10, 2018 to October 12, 2018 repair attempts.

9. Denied. By way of further answer, these alleged complaints, taken as true, with the benefit of all reasonable inferences, establish the plausibility of a non-conformity which substantially impairs the use, value, or safety of the Vehicle. There are documented concurrent defects of the difficulties opening a door and the key fob not being recognized, the headlight remaining on while charging, and trim pieces being defective and misaligned. A reasonable inference follows that the use, value, and safety of a vehicle are substantially impaired when its doors are not functioning properly. A reasonable inference similarly follows that the use, value, and safety of an electric vehicle are substantially impaired when its headlight remains on while charging. A reasonable inference follows that the value and safety of a luxury vehicle costing more than $114,000 are substantially impaired by misaligned and defective trim pieces.

10. Denied as a conclusion of law.

11. Denied as a conclusion of law. By way of further answer, see Plaintiffs' memorandum of law. Plaintiffs have sufficiently alleged nonconformities, the passing of a reasonable time for repairs, and the continuing existence of nonconformities. The documents attached to the Complaint are merely those in Plaintiffs' possession, and discovery will produce further repair records to supplement Plaintiffs' action.

12. Denied as a conclusion of law. By way of further answer, see Plaintiffs' memorandum of law. The Massachusetts New Vehicle Lemon Law contains no requirement that a consumer must participate in state-certified new car arbitration. The only requirement is that the manufacturer must participate in state-certified new car arbitration if such arbitration is requested by the consumer.

13. Denied. By way of further answer, Plaintiffs respectfully request that this Court deny Defendant's motion on the papers.

14. Admitted. By way of further answer, Defendant's Motion to Dismiss was filed just one business day after Defendant's January 30, 2020 9:39PM email.

15. Admitted. By way of further answer, Defendant's Motion to Dismiss was filed just one business day after Defendant's January 30, 2020 9:39PM email.

16. Admitted. By way of further answer, Defendant's Motion to Dismiss was filed just one business day after Defendant's January 30, 2020 9:39PM email.

17. Denied. By way of further answer, Defendant's Motion to Dismiss was filed just one business day after Defendant's January 30, 2020 9:39PM email.

WHEREFORE, for all the foregoing reasons and those set forth in the accompanying memorandum of law, Plaintiffs Scott Woods and Shihyun Woods respectfully request that this Court deny Defendant Tesla's Motion to Dismiss Count I of the Complaint.

KIMMEL & SILVERMAN, PC

Date: February 13, 2020          BY*: /s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire
BBO # 651593
30 E. Butler Pike
Ambler, PA 19002
(800) 668-3247 ext 308
atroccoli@creditlaw.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on this date, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered.

Date: February 13, 2020          */s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire