IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SCOTT WOODS and ) | *LEAVE TO FILE REPLY* |
| SHIHYUN WOODS ) | *GRANTED ON* |
| ) | *FEBRUARY 28, 2020* |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO. 1:20-cv-10162-LTS |
| ) | |
| TESLA ) | REPLY BRIEF IN |
| ) | FURTHER SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTION |
| | TO DISMISS COUNT I |

This reply memorandum of law is submitted by Defendant Tesla, Inc. (incorrectly named herein as Tesla), by and through its attorneys, RoseWaldorf PLLC, in further support of its motion for an Order, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, dismissing Count I of the Complaint of Plaintiffs Scott Woods and Shihyun Woods ("Plaintiffs") with prejudice.

**I. PLAINTIFFS FAILED TO DEMONSTRATE THAT THEIR CLAIM UNDER THE LEMON LAW MAY PROCEED WITHOUT HAVING FIRST PARTICIPATED IN STATE-CERTIFIED NEW CAR ARBITRATION**

In its initial motion papers, Defendant demonstrated that according to the plain meaning of the language of the Massachusetts New Car Lemon Law, Plaintiffs were required to first resort to state-certified, new car arbitration before commencing an action in court. Specifically, by reference to G.L. c. 90 § 7N1/2(6), Defendant demonstrated that a consumer's right to bring an action in Superior Court with respect to the Lemon Law was limited to an action under c. 93A, brought by a consumer that is "dissatisfied with any finding of state-certified, new car arbitration." *See also General Motors Corp. v. Blackburn,* 403 Mass. 320, 322-323 (Mass.1988) (outlining the procedure by which a consumer may enforce rights under the Lemon Law).

- 1 -

In opposition, Plaintiffs argue that proceeding with arbitration is not required. In reaching this conclusion, however, Plaintiffs wholly ignore c. 90 § 7N1/2(6) cited above, which is the only section of the statute allowing for a consumer's action in court, and which allows such actions only *after* state-certified arbitration.

In addition, Plaintiffs' suggestion that other sections of the statute implicitly allow for a direct cause of action by a consumer without arbitration runs afoul of the basic principles of statutory construction; namely, that the court may not "add words to a specific statute that the Legislature did not put there, either by inadvertent omission or by design." *Simmons v. Clerk-Magistrate of Boston Div. of Housing Court Dep.*, 448 Mass. 57, 66 (2006).

Indeed, §7N ½(8), cited by Plaintiffs, provides that *the attorney general,* and only the attorney general, may commence a direct action in court asserting a claim under the Lemon Law. This section does not mention a consumer's right to bring such an action nor can it be read to imply a direct cause of action by a consumer. *See Simmons,* 448 Mass. at 65 ("[W]here the Legislature has employed specific language in one portion of a statute, but not in another, the language will not be implied where it is absent."). To do so would improperly read additional terms into the statute and also, would render superfluous the specific provision of the statute devoted to actions by consumers, and which limits such claims to actions under c. 93A where such consumer is "dissatisfied with any finding of state-certified, new car arbitration." *See* G.L. c. 90 § 7N1/2(6).

Furthermore, Plaintiffs' citation to §7N1/2(5) and (7) does not support their position. Section 7N1/2(5) provides that a consumer's rights or remedies are not limited "under any *other* application provision of law." (Emphasis added). Moreover, Section 7N1/2(7) provides that a violation of the Lemon Law constitutes a violation under c. 93A. Both of these sections are in

harmony with the interpretation that a consumer has a claim under c. 93A for a violation of the Lemon Law, following completion of the state-certified new car arbitration.

Based on the foregoing, Plaintiffs were obligated to first resort to state-certified new car arbitration prior to commencing this action. Having undisputedly failed to do so, Plaintiffs' claim should be dismissed as a matter of law.

## II. PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THE NECESSARY ELEMENTS TO THEIR CLAIM UNDER THE LEMON LAW EVEN IF THEY HAD FIRST COMMENCED STATE-CERTIFIED NEW CAR ARBITRATION

In its initial motion papers, Defendant established that Plaintiffs failed to include sufficient factual allegations to support a claim under the Lemon Law, even assuming they had complied with the requirement of state-certified arbitration. Specifically, Defendant established that Plaintiffs could not establish the threshold elements of their Lemon Law claim because: (1) the trivial nature of the claimed issues could not rise to the level of a nonconformity that substantially impairs the use, market value or safety of the vehicle; and (2) with only two repair visits and only seven (7) calendar days out of service during the one year/15,000 miles "period of protection," Plaintiffs could not demonstrate that any issues continued to exists following a reasonable number of repair attempts (as that term is defined by the statute). Plaintiffs failed in their opposition to sufficient refute Defendant's showing.

### A. Discovery is Not Necessary in Order for this Court to Determine the Issues Raised in Defendant's Motion to Dismiss.

In opposition, Plaintiffs first state that discovery is needed regarding the original delivery date as such date is required to determine the period of protection (defined under the Lemon Law as one year or 15,000 miles, *whichever comes first*, from original delivery, *see* G.L. c. 90 §7N1/2(1)) (Plaintiff's Opposition at p. 4). This argument is nonsensical because by Plaintiffs' own allegations,

only two repair visits occurred prior to the odometer reaching 15,000 miles. In other words, the date of delivery is not dispositive as the 15,000 mile limit of the term of protection was reached first.

In addition, Plaintiffs baselessly argue that discovery is necessary to determine the "business days" of the service center involved in order to determine whether the repairs exceeded "fifteen business days" during the period of protection. Plaintiffs agree, however, that the repair records attached to the Complaint show at most only seven (7) *calendar days* and thus, the issue of whether those days were business days for the service center is irrelevant. Based on the foregoing, Plaintiffs' suggestion that discovery is necessary in order for this Court to reach Defendant's arguments is without merit.

> **B.** **Plaintiffs Cannot Demonstrate A Reasonable Number of Repair Attempts As Plaintiffs' Conclusory Allegations Must be Ignored.**

In an attempt to save their claims from dismissal, Plaintiffs point to the allegations in the Complaint that Defendant "made three or more repair attempts to address the same general defect in the vehicle without success" (*see* Opposition at p. 7 citing ¶ 23) and that the vehicle was "out of service for repair for 15 business days or more during the first year or 15,000 miles (*id.* citing ¶ 24). As a preliminary matter, these conclusory allegations must be ignored. *See Hannigan v. Bank of Am., N.A.,* 48 F.Supp.3d 135, 140 (D.Mass.2014) citing *Manning v. Boston Medical Ctr. Corp.,* 725 F.3d 34, 43 (1st Citr.2013).

More importantly, Plaintiffs admit that pursuant to the repair orders attached to the Complaint (which Plaintiffs adopt in their Complaint and in their opposition at p. 5 and p. 8), the vehicle returned to the service center only twice during the Lemon Law period of protection and for only seven calendar days total. Plaintiffs do not argue that the statute's requirements may be

met with any less than three or more failed repair visits or fifteen (15) business days out of service during the period of protection. Thus, Plaintiffs agree that based upon the repair orders attached to the Complaint, they have failed to meet the requirements for relief under the statute.

In apparent recognition of this deficiency in their allegations, Plaintiffs point to vague allegations that there were repair attempts that the service center "failed to document" (Plaintiffs' Opposition at p. 7). This argument is unavailing as it remains Plaintiffs' burden to allege specific facts to support the allegation of additional service visits. In other words, not only do the repair records attached to the Complaint fail to meet the threshold under the statute, but the Complaint is devoid of any non-conclusory factual allegations of a sufficient number of repair visits during the Lemon Law period of protection that would satisfy the statute. Plaintiffs' suggestion of missing invoices, even if true, does not cure the deficiencies of the Complaint.

Based on the foregoing, Plaintiffs have failed to allege sufficient facts to support a claim under the Lemon Law. Count I should be dismissed for this reason alone.

C. **Plaintiffs Failed to Allege Sufficient Facts to Establish a Substantial Impairment to the Use, Market Value or Safety of the Subject Vehicle.**

While the failure to allege sufficient facts to establish a reasonable number of repair attempts alone supports dismissal, Plaintiffs' Lemon Law claim fails for the additional reason that the alleged issues arising during the Lemon Law period did not substantially impair the use, market value or safety of the subject vehicle as required under the statute. Plaintiffs allege an issue wherein the daytime headlights would stay on while charging (which implies the vehicle is stationary and not being used at the time this alleged issue occurs), "difficulties getting a door to open and a key fob not being recognized" and misaligned trim pieces (*see* Plaintiffs' Opposition at p. 5). Under any

objective standard, these issues cannot *substantially impair* the use, value or safety of the subject vehicle.

Furthermore, the Complaint is devoid of any factual allegations to plausibly suggest that the use, market value or safety of the subject vehicle was substantially impaired. Indeed, even during the time period where Plaintiffs were allegedly experiencing these issues, there were able to drive the vehicle over 1,200 miles in only three weeks (*see* Plaintiffs' Opposition at p. 8, describing a visit at 11,942 miles on August 17, 2018 and a visit at 13,206 miles on September 8, 2018).

Based on the foregoing, Plaintiffs' claim under the Lemon Law fails for this additional and independent reason.

## **CONCLUSION**

For all the foregoing reasons and those set forth in Defendant's original motion papers, Defendant Tesla, Inc. respectfully requests that this Court dismiss Count I of the Complaint, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: Albany, New York  ROSEWALDORF PLLC
February 28, 2020

By:   *s/ Mark W. Skanes*
Mark W. Skanes, Esq.
Attorneys for Defendant
Tesla, Inc.
501 New Karner Rd.
Albany, New York 12205
Phone: (518) 869-9200
Fax: (518) 869-3334
mskanes@rosewaldorf.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system on this date will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered.

Dated: Albany, New York
February 28, 2020

                                             *s/ Mark W. Skanes*
                                             Mark W. Skanes, Esq. (BBO # 675638)