**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT WOODS and** | ) | |
| **SHIHYUN WOODS** | ) | **CIVIL ACTION NO. 1:20-cv-10162-LTS** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **TESLA** | ) | **DEFENDANT'S OPPOSITION TO** |
| | ) | **THE MOTION FOR** |
| **Defendant.** | ) | *PRO HAC VICE* **ADMISSION OF** |
| | ) | **JASON GRESHES** |

Defendant Tesla, Inc. (incorrectly named herein as Tesla), by and through its attorneys, RoseWaldorf PLLC, hereby submits the following brief in opposition to the Motion seeking *pro hac vice* admission of Jason Greshes.

## INTRODUCTION

While motions for *pro hac vice* admission are typically granted as a matter of course without opposition, the unique circumstances in this matter provide grounds for this Court to exercise its discretion and deny the motion seeking the admission of Jason Greshes *pro hac vice*. As a preliminary matter, despite representing familiarity with the local rules of this Court, Plaintiffs' counsel failed to comply with the meet and confer requirements of Local Rule 7.1(a)(2) prior to making this motion. In addition, Plaintiffs provided no compelling reason for seeking *pro hac vice* admission of Mr. Greshes and Plaintiffs are already represented by adequate counsel from the same law firm. Finally, the motion should be denied for the additional reason that by seeking *pro hac vice* admission in multiple cases in the Commonwealth, Mr. Greshes is attempting to circumvent the requirements for admission.

- 1 -

<u>ARGUMENT</u>

**I.   PLAINTIFFS' COUNSEL FAILED TO MEET AND CONFER IN GOOD FAITH PRIOR TO FILING THE MOTION FOR *PRO HAC VICE* ADMISSION OF JASON GRESHES**

As set forth below, this Court should deny the motion for the *pro hac vice* admission of Jason Greshes on the merits.  Nevertheless, the motion should be denied for the separate reason that counsel failed to comply with Local Rule 7.1(a)(2).  Indeed, Plaintiffs' counsel never notified counsel for Defendant of the intention to the file the motion and no effort was made on the part of counsel for Plaintiffs to meet and confer prior to making the motion.

Unfortunately, this follows a pattern of Plaintiffs' counsel failing and/or refusing to meet and confer with Defendant's counsel pursuant to Local Rule 7.1(a)(2) (*see* Defendant's Motion to Dismiss, Exhibits "A" and "B", Dkt. 6-1, 6-2 [showing Plaintiffs' counsel failure to meet and confer with Defendant's counsel regarding Defendant's motion to dismiss]).  For this reason alone, Plaintiffs' motion should be denied.

**II.   THIS COURT SHOULD EXERCISE ITS DISCRETION AND DENY THE MOTION FOR *PRO HAC VICE* ADMISSION OF JASON GRESHES**

*Pro hac vice* admission in this Court is governed by Local Rule 83.5.3 and requires leave of court.  In addition, *pro hac vice* admission "is generally considered a privilege and not a right." *Siupa v. Astra Tech, Inc.*, 2012 WL 6622492 (D.Mass. 2012) citing *Obert v. Republic Western Ins. Co.*, 190 F.Supp.2d 279 (D.R.I. 2002).  Therefore, a court has discretion to deny a motion for *pro hac vice* admission in the first instance.  *See Pease v. Burns*, 679 F.Supp.2d 161 (D.Mass. 2010).  Here, this Court should exercise its discretion and deny the motion.

///

**A.**     **Plaintiffs Failed to Establish Any Reasonable Basis to Allow the *Pro Hac Vice* Admission of Mr. Greshes.**

The only reason provided for seeking Mr. Greshes' admission in this matter is that Plaintiffs would be "severely prejudiced" if the motion is not granted.  Aside from being conclusory, this statement is troubling, given the extent to which Kimmel & Silverman tout their own firm as the premiere law firm in the country for litigating lemon law claims and in particular, prosecuting state and federal law claims in Massachusetts.

Indeed, from the commencement of this action, Plaintiffs have been represented by the law firm of Kimmel & Silverman, P.C. ("K&S").  Through the firm's website, cleverly named www.lemonlaw.com, K&S holds itself out as a team of "nationally recognized" Lemon Law lawyers that have over a "century" of litigation experience and have successfully resolved "over 100,000" Lemon Law cases (*id.*).  Furthermore, K&S offers advice on the Massachusetts Lemon Law and actively solicits Massachusetts consumers as potential clients (*see* https://www.lemonlaw.com/lemon-law-attorney.html).  In addition, according to its website, K&S actively solicits Tesla owners as potential clients (*see* https://www.lemonlaw.com/tesla-lemon-law.html).

The current K&S attorney representing Plaintiffs, Attorney Troccoli, is listed on the firm's website as having extensive Lemon Law litigation experience (*see* https://www.lemonlaw.com/lemon-law-attorney.html).  Indeed, Attorney Trocolli is a Senior Associate for K&S, has over 14 years of experience, is admitted in several state and federal courts and also, the Supreme Court of the United States (*id.*).

To suggest, as Attorney Troccoli and Mr. Greshes have, that Plaintiffs will be "severely prejudiced" if Mr. Greshes does not replace Attorney Troccoli in this matter is wholly contradictory

to the statements on the K&S website.  At the very least, it is puzzling that after advertising their team of Massachusetts-licensed lawyers to attract Massachusetts residents as potential clients, K&S now seeks to have Jason Greshes appear as counsel for Plaintiffs *pro hac vice*, as Mr. Greshes is not licensed to practice in Massachusetts (*see* https://www.lemonlaw.com/lemon-law-attorney.html).

It bears noting that the motion is not supported by any affidavit or other evidence which establishes that Plaintiffs themselves seek to have Mr. Greshes represent them in this matter, that Plaintiffs are not adequately represented by current counsel, or that Plaintiffs will be prejudiced if the motion to admit Mr. Greshes is not granted.  Indeed, the motion is devoid of any reason why Mr. Greshes seeks admission in this matter, aside from the conclusion that Plaintiffs would be "severely prejudiced" if the motion is not granted and that Mr. Greshes has "considerable experience" in actions against Tesla.  Nevertheless, Mr. Greshes does not expound upon what this "considerable experience" consists of.  Moreover, any technical understanding of a particular vehicle manufacturer would be relevant for the adequacy of an expert, not an attorney.  At the very least, any particular insight Mr. Greshes may have into litigating an action against Telsa as an attorney of the same firm as counsel of record does not, in these circumstances, require admission *pro hac vice.*

This matter is a simple matter that involves a relatively straightforward set of claims for violation of lemon laws and breaches of warranties – topic areas that Attorney Troccoli claims to specialize in.  Moreover, in this actual case, Attorney Troccoli has already briefed an opposition to Defendant's motion to dismiss and further, submitted additional briefing regarding the issues raised by this Court's recent order as to the viability of a potential Used Car Lemon Law claim.  Having fully engaged in litigation thus far, any claim that Attorney Troccoli's continued representation (as opposed to allowing Mr. Greshes to take her place), would leave Plaintiffs "severely prejudiced" is

somewhat troubling and at the very least, unavailing to support Mr. Greshes' admission in this matter.  Accordingly, for this additional reason, the motion should be denied.

**B.**        **Mr. Greshes Has Sought *Pro Hac Vice* Admission in at Least Two Other Cases in Massachusetts in Under a Year.**

The undersigned counsel is aware of at least two additional cases in which Mr. Greshes has petitioned to appear *pro hac vice* in Massachusetts courts in the past year.   Indeed, in *Ford v. FCA US LLC* (*see* Exhibit "A" hereto) and in *Cerretani v. FCA US LLC* (*see* Exhibit "B" hereto), Mr. Greshes has sought *pro hac vice* admission in two Massachusetts Superior Court actions in lemon law matters to which the undersigned counsel was involved.

While not pending before this particular Court, this pattern of repeated motions in Massachusetts cases for *pro hac vice* admission of Mr. Greshes (who does not have a Massachusetts license) is contrary to the purpose and meaning of *pro hac vice* admission.  This pattern should be viewed as a means to improperly circumvent the requirements of attorneys who wish to regularly practice law in the courts of this Commonwealth.  This pattern is particularly concerning given the extent K&S seeks to solicit Massachusetts clients on their website.

The holding of the U.S. District Court for the District of Puerto Rico in *Mateo v. Empire Gas Co., Inc.* (841 F.Supp.2d 574 [D.P.R.2012]) is instructive on the issue.  In *Mateo*, the court denied a motion for *pro hac vice* admission where the attorneys seeking admission had made four (4) *pro hac vice* appearances in the past year and appeared in six (6) cases in that district over the past two years.  In ultimately denying the motion for *pro hac vice* admission, the court held that the multiple appearances of the petitioning attorneys "amount[s] to regular practice of law and, as such, run[s] afoul of the plain and unambiguous meaning of the phrase *pro hac vice*."  *Mateo*, 841 F.Supp.2d at 581.

In support of its conclusion, the court cited to the Black's Law Dictionary definition of the Latin phrase *pro hac vice*: "[f]or this occasion or particular purpose." *Mateo*, 841 F.Supp.2d at 579. The court further noted that "[i]t is of special importance that the Supreme Court has described *pro hac vice* attorneys as 'one time or occasional practitioners.'" *Id*. citing *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607 (1987). Likewise, the court noted that the American Bar Association instructs in its rules that a court may properly deny a *pro hac vice* admission if "[t]he applicant has engaged in such frequent appearances as to constitute regular practice in [a] state." *Id*. citing Model Rule on Pro Hac Vice Admission R. I(D)(3)(a)(a)(2002).

As in *Mateo,* Mr. Greshes' pattern of repeated requests for admission *pro hac vice* in Massachusetts courts without a Massachusetts license is wholly inconsistent with the purpose and meaning of *pro hac vice* admission. Based on the foregoing, the circumstances herein require the denial of the motion for *pro hac vice* admission of Jason Greshes.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court deny the motion for *pro hac vice* admission of Jason Greshes, together with such other and further relief as this Court deems just and proper.

Dated: Albany, New York                              ROSEWALDORF PLLC
      May 4, 2020

                      By:    *s/ Mark W. Skanes*
                                   Mark W. Skanes, Esq.
                                   Attorneys for Defendant
                                   Tesla, Inc.
                                   501 New Karner Rd.
                                   Albany, New York 12205
                                   Phone: (518) 869-9200
                                   Fax: (518) 869-3334
                                   mskanes@rosewaldorf.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system on this date will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered.

Dated:  Albany, New York
        May 4, 2020

                                                    _s/ Mark W. Skanes_____
                                                    Mark W. Skanes, Esq. (BBO # 675638)